RECEIVED
IN ALEXANDRIA, LA.

JAN 31 2014

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| RYAN HEGGER | : | DOCKET NO. 2:12-0874 |
| VS. | : | JUDGE TRIMBLE |
| ERNEST ROY JOHNSON, ET AL | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is "Marquita James and Old American County Mutual Fire Insurance Company's Motion for Summary Judgment under Federal Rule of Civil Procedure 56" (R. #18) wherein these defendants move to dismiss all the claims made against them by Ryan Hegger pursuant to Federal Rule of Civil Procedure 56. Plaintiff, Hegger does not oppose the motion, but co-defendants Ernest Roy Johnson, PAM Transport, Inc. and Cherokee Insurance Company oppose the motion contending that there are genuine issues of material fact regarding comparative negligence.

### FACTUAL STATEMENT

On August 8, 2011 Ernest Johnson was driving an 18 wheeler owned by PAM Transport, Inc. and insured by Cherokee Insurance Company. Plaintiff, Ryan Hegger was a guest passenger in a vehicle driven by co-defendant Marquita James; Old American County Mutual Fire Insurance Company is the insurer of the vehicle. Johnson was traveling westbound on I-10 in Sulphur, Louisiana in the inside lane. As Johnson changed lanes from the inside lane to the outside lane, he struck Marquita's vehicle causing Hegger's injuries.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[7]

---

[1] Fed. R.Civ. P. 56(c).

[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[3] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[4] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[5] Anderson, 477 U.S. at 249.

[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[7] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[8]

## LAW AND ANALYSIS

Marquita James and Old American County Mutual Fire Insurance Company ("Old American") maintain that there is no genuine issue of fact that defendant, Johnson, is solely liable for the incident. Plaintiff, Hegger, filed a statement of no opposition to the motion, but reserves his rights to proceed against James and her insurer, Old American, if the instant motion is not granted.[9] Co-defendants, Ernest Roy Johnson, PAM Transport, Inc. and Cherokee Insurance Company (collectively referred to as the "Johnson defendants") oppose the motion contending that there are genuine issues of fact for trial as to whether or not James (1) failed to maintain a safe and prudent distance between her vehicle and Roy's truck, (2) was not properly attentive, (3) failed to maintain a proper lookout, (4) failed to react timely, (5) failed to take proper and timely evasive measures to avoid the accident, (6) failed to properly and timely warn Johnson of her location, (7) traveled through a construction zone in excess of the posted speed limit, and (8) attempted to pass Johnson's truck.

The Johnson defendants rely on James' deposition testimony wherein she testified that there was a construction site to her right, [10] but that she did not remember a sign warning of a reduced speed or what the speed limit was, only that she was going the speed limit.[11] Next, the Johnson

---

[8] Anderson, 477 U.S. at 249-50.

[9] R. #24.

[10] Johnson exhibit A, Marquita James depo., p. 12.

[11] Id., p. 15.

3

defendants submit the deposition testimony of Hegger who testified that the estimated speed limit was between 60 and 65 miles per hour.[12] The investigating officer, noted in his Police Report that the area was under construction and the speed limit was 50 miles per hour.[13] Thus, the Johnson defendants contend there is a genuine issue of fact for trial because James' excessive rate of speed placed her in Johnson's blind spot which caused the accident. The court finds that this conclusory statement is not sufficient to create a genuine issue of fact for trial.

Next, the Johnson defendants maintain that there is a genuine issue of material fact as to whether or not James failed to keep a proper lookout. The Johnson defendants rely on James' deposition testimony wherein she testified that she did not see the Johnson truck before the accident.[14] The Johnson defendants then contend that if James had seen the vehicle, she could have slowed down, honked her horn, or given some notice as to her location instead of speeding through Johnson's blind spot. Again, the court finds that such conclusory statements are insufficient to create a genuine issue of material fact for trial.

Finally, the Johnson defendants contend that James was attempting to pass Johnson in the right lane, while speeding and in a construction zone. The Johnson defendants make this argument without any further summary judgment evidence to corroborate same. The Johnson defendants have not established that passing a vehicle on I-10 is unlawful or a cause of the accident. Accordingly, we find that the Johnson defendants have failed to submit summary judgment evidence to create a genuine issue of material fact for trial that James' attempt to pass Johnson somehow made her

---

[12] Johnson exhibit B, Ryan Hegger depo., p. 31, 91.

[13] Johnson exhibit C, Police Report.

[14] Johnson exhibit A, James depo., p. 15.

comparatively negligent.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted dismissing with prejudice defendants, Marquita James and Old American County Mutual Fire Insurance Company. The Court determines that there is no just reason for delay and will direct entry of final judgment under rule 54(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 31st day of January, 2014.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE